Brian E. Pastuszenski (*pro hac vice application pending*)
*bpastuszenski@goodwinprocter.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.:  212.813.8800
Fax:  212.355.3333

Nicole L. Chessari (SBN 259970)
*nchessari@goodwinprocter.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.:  650.752.3100
Fax:  650.853.1038

*Attorneys for Defendants*
*Xoom Corporation, John Kunze,*
*and Ryno Blignaut*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER LIU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>XOOM CORP., JOHN KUNZE, AND RYNO BLIGNAUT,<br>Defendants. | Case No. 3:15-cv-00602<br><br>NOTICE OF REMOVAL |

NOTICE OF REMOVAL

1    Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Xoom Corporation ("Xoom"),

2    John Kunze, and Ryno Blignaut (collectively, "Defendants"), specially appearing solely for the

3    purpose of submitting this notice of removal and preserving and not waiving any defenses they may

4    have based on lack of personal jurisdiction or service of process, or any other defenses, by their

5    attorneys, hereby remove the above-captioned case pending in the Superior Court of the State of

6    California, County of San Francisco, to the United States District Court for the Northern District of

7    California.

8    As grounds for removal, Defendants state as follows:

9    1.    On January 6, 2014, plaintiff Alexander Liu initiated this putative state court class

10   action by filing a complaint (the "Complaint") entitled *Alexander Liu vs. Xoom Corp., et al.*, in the

11   Superior Court of the State of California, County of San Francisco, ostensibly on behalf of all

12   similarly-situated individuals who purchased common stock of Xoom allegedly "pursuant and/or

13   traceable to [Xoom's] Registration Statement and Prospectus, declared effective by the SEC on

14   February 14, 2013, issued in connection with [Xoom's] Initial Public Offering ('IPO')."  Complaint

15   ¶ 1.  This case was assigned docket number CGC-15-543531.  Plaintiff made an attempt to serve

16   Xoom on January 8, 2015, and Messrs. Kunze and Blignaut on January 15, 2015.[1]

17   2.    The Complaint alleges that Xoom's February 14, 2013 Registration Statement and

18   Prospectus contained material misstatements and/or omissions, and seeks to assert claims under

19   Sections 11 and 15 of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. §§ 77k and 77o.

20   3.    Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed

21   in the United States District Court for the Northern District of California.

22   4.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C.

23   1446(a).

24   5.    In accordance with 28 U.S.C. § 1446(a), attached is a copy of the Complaint, and the

25   summons attached thereto.

26   6.    All defendants join in this Notice of Removal, and all consent thereto.

27

28

[1]Defendants do not concede that Plaintiff's attempted service was proper.

NOTICE OF REMOVAL

1

1       7.     Defendants will promptly serve a copy of the Notice of Removal on Plaintiff's

2  counsel and file with the Clerk of the Superior Court of the State of California, County of San

3  Francisco, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d).

4       8.     This Court has original subject matter jurisdiction over this lawsuit pursuant to 28

5  U.S.C. § 1331 in that the Complaint asserts claims based upon, and this action thus arises under, the

6  statutory laws of the United States.  As such, this action is removable under 28 U.S.C. § 1441(a).

7       9.     All requirements for such jurisdiction are met.

8       10.    A district court has jurisdiction over cases that arise under the Constitution, laws, or

9  treaties of the United States.  28 U.S.C. § 1331.  A case "arises under" federal law where either (i)

10  federal law creates a cause of action; or (ii) "the vindication of a right under state law necessarily

11  turn[s] on some construction of federal law.  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,

12  463 U.S. 1, 9 (1983).  The present case arises under federal law because the cause of action Plaintiff

13  seeks to assert is created by federal law.

14       11.    Conversely, the state courts do not have subject matter jurisdiction over this action.

15  More specifically, Plaintiff has filed a putative class action asserting claims for alleged violations of

16  the 1933 Act on behalf of "thousands" of Xoom shareholders.  Complaint ¶ 24.  Accordingly, this

17  lawsuit is a "covered class action" as defined in Section 16(f)(2)(A) of the 1933 Act.  Section

18  16(f)(2)(A) defines a "covered class action" as any "single lawsuit in which (I) damages are sought

19  on behalf of more than 50 persons or prospective class members."  15 U.S.C. § 77p(f)(2)(A)(i)(I).  In

20  1998, as part of Congress' efforts to ensure that the federal courts would be the exclusive venue for

21  litigation of securities class action claims, Congress amended the jurisdictional provision of the 1933

22  Act (Section 22(a)) to divest state courts of subject matter jurisdiction over "covered class actions."

23  Section 22(a) previously had conferred upon state courts concurrent jurisdiction over all suits

24  asserting claims under the 1933 Act.  But in 1998, Congress amended Section 22(a)'s grant of

25  subject matter jurisdiction to remove concurrent jurisdiction over "covered class actions."  *See* 15

26  U.S.C. § 77v(a) (1998).  As amended, Section 22(a) now provides:

27          The district courts of the United States . . . shall have jurisdiction of offenses and
           violations under this subchapter . . . and concurrent with State and Territorial courts,
28         *except* as provided in section 77p of this title [i.e., Section 16,] ***with respect to covered***
         ***class actions*** . . . .

1  *Id.*[2]

2       12.    Because the federal courts (and not the state courts) have original subject matter

3  jurisdiction over this federal question case, it is properly removable to this Court under 28 U.S.C.

4  § 1441(a).  *See*, *e.g.*, *Lapin v. Facebook, Inc.*, No. C–12–3195 MMC, 2012 WL 3647409, at \*2

5  (N.D. Cal. Aug. 23, 2012) ("federal courts alone have jurisdiction to hear covered class actions

6  raising 1933 Act claims"); *In re Fannie Mae Sec. Lit.*, No. 08-cv-7831-PAC, 2009 WL 4067266, at

7  \*2 (S.D.N.Y. Nov. 24, 2009) ("federal courts have exclusive jurisdiction over covered . . . class

8  actions alleging claims under the 1933 Act"); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425

9  (S.D.N.Y. 2009) ("the exception in the jurisdictional provision of Section 22(a) exempts covered

10  class actions raising 1933 Act claims from concurrent jurisdiction" such that "federal courts alone

11  have jurisdiction to hear them"); *Pinto v. Vonage Holdings Corp.*, Civ. A. No. 07-0062 (FLW), 2007

12  WL 1381746, at \*2 (D.N.J. May 7, 2007) (holding that § 22(a) of the 1933 Act "divest[s] state

13  courts of concurrent jurisdiction over covered class actions").

14      Based upon the foregoing, Defendants respectfully submit that this Court has exclusive

15  jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 77v(a), and the claims

16  may be removed to this Court under 28 U.S.C. §§ 1441(a) and 1446(a).

17      WHEREFORE, this action should proceed in the United States District Court for the

18  Northern District of California, as an action properly removed thereto.

19

20

21

22

23

24

25  [2] Likewise, Section 22(a) previously provided that no 1933 Act claims filed in state court could be removed to federal court.  In conjunction with Congress' amendment in 1998 of Section 22(a)'s

26  jurisdictional provision to divest state courts of concurrent jurisdiction over "covered class actions" like the present case, Congress also amended this removal bar provision to provide that only 1933

27  Act suits filed in a "State court of competent jurisdiction" may be removed.  Because state courts no longer have subject matter jurisdiction over "covered class actions," they are not "courts of

28  competent jurisdiction" in regard to "covered class actions," and, thus, Section 22(a)'s removal bar does not apply to the removal of "covered class actions."

1   Dated:  February 6, 2015                          Respectfully submitted,

2                                                     **GOODWIN PROCTER** LLP

3
                                            By: /s/  Nicole L. Chessari_____
4                                               Brian E. Pastuszenski (*pro hac vice*
                                                *application pending*)
5                                               Nicole L. Chessari (SBN 259970)

6                                               *Attorneys for Defendants Xoom*
                                                *Corporation, John Kunze, and Ryno*
7                                               *Blignaut*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2    I am employed in the County of San Francisco, State of California.  I am over the age of 18
and not a party to the within action.  My business address is Three Embarcadero Center, 24th Floor,
3    San Francisco, CA 94111.

4    On **February 6, 2015**, I served the following documents by placing a true copy thereof in a
sealed envelope(s) on the persons below as follows:

5

**NOTICE OF REMOVAL**

6
Lawrence M. Rosen                                     *Counsel for Plaintiff Alexander Liu*
7    Alexander Liu
The Rosen Law Firm PA
8    350 Fifth Avenue, Suite 5508
New York,  NY 10118

9

10
☑    (MAIL) I placed the envelope for collection and mailing, following our ordinary
11    business practices.  I am readily familiar with this firm's practice for collecting and
processing correspondence for mailing.  On the same day that correspondence is placed
12    for collection and mailing, it is deposited in the ordinary course of business with the
United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a
13    resident or employed in the county where the mailing occurred.  The envelope or
package was placed in the mail at San Francisco, California.

14
☑    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the
15    office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set
forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is
16    generated automatically by the ECF system upon completion of an electronic filing. The
NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof
17    of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to
any document served in the traditional manner upon any party appearing pro se."

18
I declare under penalty of perjury that I am employed in the office of a member of the bar of this
19    Court at whose direction this service was made and that the foregoing is true and correct.

20    Executed on **February 6, 2015**, at San Francisco, California.

21

Laura A Weaver
22    _____                         _____
(Type or print name)                                     (Signature)

23

24

25

26

27

28