# EXHIBIT A

**ORIGINAL**      CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Laurence M. Rosen (SBN #219683)<br>The Rosen Law Firm, P.A.<br>355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071<br>TELEPHONE NO.: 213-785-2610    FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff Alexander Liu | **FILED**<br>Superior Court of California<br>County of San Francisco<br><br>JAN 06 2014<br><br>CLERK OF THE COURT<br>*(signature)*<br>DEPUTY CLERK |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, 94102-4515<br>BRANCH NAME: Civic Center Courthouse | |
| CASE NAME:<br>Alexander Liu v. Xoom Corp. et al., | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-15-543531<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [✓] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Breach of Fiduciary Duty
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 01/06/2015

Laurence Rosen
(TYPE OR PRINT NAME)      ▶ *(signature)* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**ORIGINAL**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Xoom Corp., John Kunze, Ryno Blignaut

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Alexander Liu, Individually and on behalf of all others similarly situated,

BY FAX

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civic Center Courthouse
400 McAllister Street
San Francisco, CA 94102

**CASE NUMBER:**
*(Número del Caso):* CGC-15-543531

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Laurence Rosen, 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071

DATE: 01/06/ JAN 06 2015                Clerk, by  M.A. MORAN              , Deputy
*(Fecha)*                                          CLERK OF THE COURT   *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

ORIGINAL

FILED
Superior Court of California
County of San Francisco

JAN 06 2014

CLERK OF THE COURT
Superior Court of California County of San Francisco
BY: M.A. MORAN
        DEPUTY CLERK

BY FAX

1  Laurence M. Rosen (SBN 219683)
2  **THE ROSEN LAW FIRM, P.A.**
   355 South Grand Avenue, Suite 2450
3  Los Angeles, California 90071
   Tel: (213) 785-2610
4  Fax: (213) 226-4684
   lrosen@rosenlegal.com
5
6  *Attorneys for Plaintiff*

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN FRANCISCO

10

11
12  ALEXANDER LIU, INDIVIDUALLY
    AND ON BEHALF OF ALL OTHERS       Case No.: CGC-15-543531
13  SIMLARLY SITUATED,
                                       **CLASS ACTION**
14              Plaintiff,
                                       **COMPLAINT**
15              vs.
                                       **DEMAND FOR JURY TRIAL**
16  XOOM CORP., JOHN KUNZE, AND
    RYNO BLIGNAUT,
17
18              Defendants.

19
20
21
22
23
24
25
26
27
28

Plaintiff Alexander Liu, by his undersigned attorneys, allege in this Class Action Complaint (the "Complaint") the following upon personal knowledge with respect to his own acts, and upon facts obtained through an investigation by their attorneys and review of documents and materials including but not limited to: (a) relevant filings made by Xoom Corp. ("Xoom" or the "Company") with the United States Securities and Exchange Commission (the "SEC"); (b) public documents, conference calls, and press releases; and (c) information readily available on the internet. Plaintiff believes that further substantial evidentiary exists for the allegations set forth herein after a reasonable opportunity for discovery.

## I. NATURE OF THE ACTION

1. This is a securities class action on behalf of a class of all persons other than defendants who purchased the common stock of Xoom pursuant and/or traceable to the Company's Registration Statement and Prospectus, declared effective by the SEC on February 14, 2013, issued in connection with the Company's Initial Public Offering (the "IPO"), including all those who purchased Xoom stock after February 14, 2013, seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under the Securities Act of 1933 (the "Securities Act").

## II. JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77(o)). This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v, which explicitly states that "[e]xcept as provided in section 16(c), no case arising under this title and brought *in any State court* of competent jurisdiction shall be removed to any court in the United States." Section 16(c) of the Securities Act refers to "covered class actions," which are defined as lawsuits brought as class actions or brought on behalf of more than 50 persons asserting claims under state or common law. This is an action asserting federal law claims. Thus, it does not fall within the definition of a "covered class action" under §16(c) and therefore is not removable to federal court under the Securities Litigation Uniform Standards Act of 1998.

3. Each Defendant has sufficient contacts with California, or otherwise purposefully avails itself of benefits from California or has property in California so as to render the exercise of jurisdiction over each by California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this District pursuant to Section 22(a) of the Securities Act and 15 U.S.C. § 77v(a) because the Company's headquarters are located in this County and certain of the acts alleged in this Complaint occurred in this County.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, the defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

### III. THE PARTIES

6. Plaintiff Alexander Liu purchased Xoom securities pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with the Company's IPO and has been damaged thereby.

7. Defendant Xoom, a provider of internet money-transfer services, is a Delaware corporation with its principle executive offices at 425 Market Street, 12th Floor, San Francisco, California.

8. Defendant John Kunze ("Kunze") is at all relevant times the President and Chief Executive Officer ("CEO") of the Company.

9. Defendant Ryno Blignaut ("Blignaut") was the Company's Chief Financial Officer ("CFO") from March 2008 until December 1, 2014. Blignaut then returned to the Company to serve as acting CFO following the sudden resignation of new CFO Matt Hibbard on January 5, 2015.

10. Defendants Kunze and Blignaut are collectively referred to herein as the "Individual Defendants." The Individual Defendants, together with Xoom, are referred to herein as the "Defendants."

11. Each of the Individual Defendants:

    (a) directly participated in the management of the Company;

    (b) was directly involved in the day-to-day operations of the Company at the highest levels;

    (c) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

    (d) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

    (e) was aware of or deliberately recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

    (f) approved or ratified these statements in violation of the federal securities laws.

### IV. SUBSTANTIVE ALLEGATIONS

12. On February 1, 2013, Xoom filed an amended registration statement and prospectus with the SEC in connection with the IPO.

13. On February 14, 2013, the SEC declared the registration statement effective.

14. On February 15, 2013, Xoom filed with the SEC the prospectus in connection with the IPO.

15. Xoom sold approximately 6.3 million shares from the IPO, raising proceeds of more than $101 million.

16. The registration statement and prospectus contained inaccurate statements of material fact and/or omitted material facts because it failed to disclose that Xoom's internal controls were so seriously deficient that tens of millions of dollars of Xoom's corporate cash could be fraudulently transferred and stolen without the Company's knowledge.

### V. THE TRUTH EMERGES

17. On October 28th, 2014, defendant Blignaut resigned as CFO, effective December 1, 2014.

18. On January 5, 2015, Xoom announced that a criminal fraud had taken place at the Company, whereby $30.8 million in corporate cash was illegally transferred to overseas accounts.

19. Also on January 5, 2015, Xoom announced that Matt Hibbard, who replaced Blignaut as CFO on December 2, 2014, had abruptly resigned from his position.

20. Federal law enforcement officials are currently pursuing a criminal investigation at the Company as a result of these criminal actions.

21. These actions are a result of seriously deficient internal controls at the Company, which the Company failed to disclose during in its Registration Statement and Prospectus.

22. On these adverse news, shares of Xoom fell $0.27 per share, or more than 1.6%, in intraday trading on January 6, 2015.

## VI.   CLASS ALLEGATIONS

23. Plaintiff brings this action as a class action pursuant to California Code of Civil Procedure Section 382 on behalf of himself and on behalf of all purchasers of Xoom's securities issued pursuant to and/or traceable to the Company's IPO, including purchasers of Xoom stock after February 14, 2013. Excluded from the Class are defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

24. The members of the Class are so numerous that joinder of all members is impracticable. Approximately 6.3 million Xoom shares were sold during the IPO. The precise number of Class Members is unknown to Plaintiff at this time but it is believed to be in the thousands. Members of the Class may be identified by records maintained by Xoom or its transfer agents and may be notified of the pendency of this action by mail, using a form of

notice customarily used in securities class actions.

25. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by the defendants' respective wrongful conduct in violation of the federal laws complained of herein.

26. Plaintiff has and will continue to fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

27. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

 (a) whether the federal securities laws were violated by the defendants' respective acts as alleged herein;

 (b) whether documents, including the Registration Statement and Prospectus, press releases, and public statements issued by defendants to the investing public committed and/or misrepresented material facts about the Company and its business; and

 (c) whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

28. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I
**Violation of Section 11 of the Securities Act Against All Defendants**

29. Plaintiff repeats and realleges the allegations contained above as if fully set forth herein.

30. This claim is brought by Plaintiff on his own behalf and on behalf of other members of the Class who acquired Xoom shares pursuant to or traceable to the Company's IPO. Each Class Member acquired his, her, or its shares pursuant to and/or traceable to, and in reliance on, the Registration Statement and Prospectus. Xoom is the issuer of the securities through the Registration Statement and Prospectus. The Individual Defendants are signatories of the Registration Statement and Prospectus.

31. Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements and/or omissions to the investing public that were contained in the Registration Statement and Prospectus, which misrepresented or failed to disclose, among other things, the facts set forth above. By reason of the conduct alleged herein, each defendant violated and/or controlled a person who violated Section 11 of the Securities Act.

32. Xoom is the issuer of the stock sold via the Registration Statement and Prospectus. As issuer of stock, the Company is strictly liable to Plaintiff and the Class for the material misstatements and omissions therein.

33. At the times they obtained their shares of Xoom, Plaintiff and members of the Class did so without knowledge of the facts concerning the misstatements and omissions alleged herein.

34. This action is brought within one year after discovery of the untrue statements and omissions in and from the Registration Statement and Prospectus that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Registration Statement and Prospectus.

35. By reason of the foregoing, Plaintiff and the other members of the class are entitled to damages under Section 11 as measured by the provisions of the Section 11(e), from the defendants and each of them, jointly and severally.

## COUNT II

**Violations of Section 15 of the Securities Act Against the Individual Defendants**

36. Plaintiff repeats and realleges the allegations contained above as if fully set forth herein. This claim is not based on and does not sound in fraud.

37. This claim is asserted against the Individual Defendants, each of whom was a control person of Xoom during the relevant time period.

38. The Individual Defendants were control persons of Xoom by virtue of, among other things, their positions as senior officers and/or directors of the Company, and they were in positions to control and did control, the false and misleading statements and omissions contained in the Registration Statement and Prospectus.

39. None of the Individual Defendants made reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were accurate and complete in all material respects. Had they exercised reasonable care, they could have known of the material misstatements and omissions alleged herein.

40. This claim was brought within one year after the discovery of the untrue statements and omissions in the Registration Statement and Prospectus and within three years after Xoom shares was sold to the Class in connection with the IPO.

41. By reason of the above conduct, for which Xoom is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as Xoom pursuant to Section 15 of the Securities Act.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a) Determining that this action is a proper class action under California Code of Civil Procedure Section 382;

(b) Awarding damages in favor of plaintiff and the other Class Members against all defendants, jointly and severally, together with interest thereon;

(c) Awarding Plaintiff and the Class their reasonable costs and expenses

incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: January 6, 2015

Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

By: /s/ Laurence Rosen

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Tel: (213) 785-2610
Fax: (213) 226-4684
lrosen@rosenlegal.com

-9-