1   Brian E. Pastuszenski (*pro hac vice*)
    *bpastuszenski@goodwinprocter.com*
2   **GOODWIN PROCTER LLP**
    The New York Times Building
3   620 Eighth Avenue
    New York, NY 10018
4   Tel.:  212.813.8800
    Fax:  212.355.3333
5
    Nicole L. Chessari (SBN 259970)
6   *nchessari@goodwinprocter.com*
    **GOODWIN PROCTER LLP**
7   135 Commonwealth Drive
    Menlo Park, CA 94025
8   Tel.:  650.752.3100
    Fax:  650.853.1038
9
    *Attorneys for Defendants*
10  *Xoom Corporation, John Kunze,*
    *and Ryno Blignaut*
11
    *Additional counsel listed on signature page*
12

13              **UNITED STATES DISTRICT COURT**

14          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15                    **SAN JOSE DIVISION**

16

17  ALEXANDER LIU, Individually and On Behalf of     Case No. 5:15-cv-00602-LHK
    All Others Similarly Situated,
18                                                    <u>CLASS ACTION</u>
                    Plaintiff,
19                                                    **STIPULATION TO EXTEND TIME TO**
          vs.                                         **RESPOND TO COMPLAINT**
20
    XOOM CORP., JOHN KUNZE, AND RYNO                  DATE ACTION FILED:  1/6/2015
21  BLIGNAUT,                                         (Removed 2/6/2015)
                    Defendants.
22

23

24

25

26

27

28

1    WHEREAS, on January 6, 2015, plaintiff Alexander Liu ("Plaintiff") filed in the Superior

2  Court of the State of California, County of San Francisco, a complaint (the "Complaint") entitled

3  *Alexander Liu vs. Xoom Corp., et al.*, Case No. CGC-15-543531, ostensibly on behalf of a class of

4  all similarly-situated individuals who purchased common stock of Xoom Corporation ("Xoom")

5  allegedly pursuant and/or traceable to Xoom's Registration Statement and Prospectus, declared

6  effective by the Securities and Exchange Commission on February 14, 2013, issued in connection

7  with Xoom's Initial Public Offering (the "State Court Action");

8    WHEREAS, on February 6, 2015, defendants Xoom, John Kunze, and Ryno Blignaut

9  (collectively, "Defendants") filed in this Court a Notice of Removal of the State Court Action;

10   WHEREAS, Defendants did not answer, move, or otherwise respond to the Complaint before

11 filing their Notice of Removal;

12   WHEREAS, Plaintiff intends to move to remand this action;

13   WHEREAS, Defendants intend to oppose Plaintiff's motion to remand;

14   WHEREAS, the parties understand that Federal Rule of Civil Procedure 81(c) requires

15 Defendants to answer, move, or otherwise respond to the Complaint on or before February 13, 2015;

16   WHEREAS, no party has requested any time modifications in this action; and

17   WHEREAS, Defendants intend to move to dismiss the Complaint.

18   NOW, THEREFORE, PURSUANT TO CIVIL LOCAL RULES 6-2 AND 7-12, IT IS

19 HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

20   1.    Plaintiff shall file his motion to remand on or before February 27, 2015;

21   2.    Defendants shall file their opposition to Plaintiff's motion to remand no later than

22 thirty (30) days after the motion to remand is filed;

23   3.    Plaintiff shall file his reply brief in support of his motion to remand no later than

24 seven (7) days after Defendants' opposition is filed;

25   4.    Defendants shall not be required to answer, move to dismiss, or otherwise respond to

26 the Complaint pending a decision by the Court on Plaintiff's motion to remand;

27   5.    If the Court denies Plaintiff's motion to remand, the parties will confer in good faith

28 regarding a schedule for filing of an amended complaint and the briefing of Defendants' motion to

1   dismiss, and Defendants will not be required to answer, move to dismiss, or otherwise respond to the

2   Complaint until the parties submit a proposed stipulation regarding a schedule for the briefing of

3   Defendants' motion to dismiss;

4         6.     If the Court grants Plaintiff's motion to remand, Plaintiff intends to file an amended

5   complaint within thirty days after entry of an order remanding this action; and

6         7.     Nothing in this Stipulation shall be construed as a waiver of any of Defendants' rights

7   or positions in law or equity, or as a waiver of any defenses that Defendants would otherwise have,

8   including, without limitation, service of process and jurisdictional defenses.

9        IT IS SO STIPULATED.

10

11   Dated:  February 12, 2015          Respectfully submitted,

12                            **GOODWIN PROCTER LLP**

13

14                          By: /s/  Brian E. Pastuszenski

15                              Brian E. Pastuszenski (*pro hac vice*)
Teodora Manolova (SBN 233333)
Nicole L. Chessari (SBN 259970)

16

17                             *Attorneys for Defendants Xoom Corporation,
John Kunze, and Ryno Blignaut*

18

19   Dated:  February 12, 2015        By: /s/  Laurence M. Rosen

                           Laurence M. Rosen (SBN 219683)

20                              *lrosen@rosenlegal.com*
**THE ROSEN LAW FIRM, P.A.**

21                              355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

22                              Tel.:  213.785.2610
Fax:  213.226.4684

23                              *Attorney for Plaintiff Alexander Liu*

24

25

26

27

28

1

**<u>ORDER</u>**

2

3    PURSUANT TO STIPULATION, IT IS SO ORDERED.

4

5    Dated:  February 13, 2015

     _____
     The Honorable Lucy H. Koh
6                                            United States District Court Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28